IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Trinity Resort Services, | § | 3-22CV2219-M |
| Defendant | § | |

# COMPLAINT

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Trinity Resort Service, LLC ("Defendant") for three reasons. First is the practice of making telephone solicitations to consumers without the required registration certificate to do so. Second is the Defendant's practice of placing telemarketing calls placed to consumers on the National Do Not Call List using an artificial and/or prerecorded voice as well as numerous other telemarketing violations. Third is to obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305"), 302.101 ("TX 302), and 28 U.S.C. § 1331, as the main action arises under the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A), and 47 U.S.C. § 227(c)(3)(F)

('TCPA'). Plaintiff also makes claims under § 64.1200(d).

The court has general personal jurisdiction because the Defendant has repeatedly placed calls or had calls placed on their behalf to Texas residents, sold goods and services to Texas residents, and derived revenue from Texas residents, including the Plaintiff on 4 separate occasions. The court has general personal jurisdiction over the Defendant because the Defendant's products are sold by 5 (that is known the to the Plaintiff) different companies, meaning it has plenty of contacts in the state. The venue is the proper venue because a substantial part of the events giving rise to this claim occurred in this district, which is also where the Plaintiff lives.

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas. The Defendant is a corporation is a corporation incorporated and existing under the laws of the State of Delaware whose primary place of business and corporate headquarters is located at 815 E Pilot Rd, Las Vegas, NV 89119.

## FACTS

1. TX 305 states that, " (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or... If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the do not call registry. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47

U.S.C. 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c) (5).

3. TX 302 states that, "A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." " A person who violates this chapter is subject to a civil penalty of not more than $5000 for each violation." *Id. § 302.302.*

4. 47 U.S.C. § 227(b)(1)(A) states that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States - to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

5. 47 CFR 64.1200(d)(1) requires that Defendants have a written telemarketing policy.

6. 47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

7. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

8. At no time did Plaintiff ever provide his cellphone number to Defendant or any of Defendant's agents or contractors, with any kind of written or verbal prior express consent to call.

9. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendants, had never provided his telephone number directly to Defendants, and had never requested that Defendants place calls to him or to offer him any services.

10. Plaintiff was called by (210) 271-9467 on 8/11/2022, by (832) 589-0342 on 8/16/2022, (979) 443-6766 on 8/17/2020, (409) 974-7536 8/18/2022, (518) 806-3925 on 8/23/2022,

(737) 667-5283 on 8/24/2022, (713)355-2682 on 8/26/2-22, (210)468-6388 on 9/1/2022, (254)374-0247 on 9/7/2022, (936) 328-1893 on 9/21/2022, (430) 775-5153 and by (281) 971-1094 on 9/27/2022.  All messages featured a pre-recorded message with a woman supposedly from Costco Travel stating that the Plaintiff had won a 5 night stay.  On the 9/21 and 9/7 calls, Plaintiff pressed a button to speak with an operator, who immediately started trying to sell vacation packages.  When the Plaintiff asked about Costco or the 5 night stay he had supposedly won, he was hung up on.  After pressing a button to talk to someone on the 9/28 call, the Plaintiff went along with the operator and purchased a vacation package for $2518.60.  This allowed the Plaintiff to identify who was behind the calls because the Defendant billed the Plaintiff.

## COMMON FACTUAL ALLEGATIONS

11. Defendants and/or its proxies place unwanted telemarketing calls to solicit consumers to purchase vacation packages that they administer.

12. All of the calls at issue were made either by, on behalf of, for the benefit of, and with the knowledge and with the approval of the Defendant.

13. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing and abstaining from the use of pre-recorded messages, Defendant (or a third-party acting on their behalf and for their benefit) repeatedly places calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent with pre-recorded messages, Defendant plainly violates the TCPA, 47 U.S.C. § 227, *et seq,* Tx 305 and Tx 302.

14. By making unauthorized telemarketing call, Defendant has caused the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that

result from the receipt of such calls. This is in addition to the wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Plaintiff is a custom jeweler and many time the phone rings while he is designing a piece of jewelry. Not only is this annoying. But many times, he will lose where he is in the design as he must let go of his mouse. He also loses his track of thinking.

15. Furthermore, Defendant (or a third-party acting on their behalf and for their benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

16. The calls were made by Defendant or on behalf of them and with their knowledge and approval.

17. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, or its proxy, called the Plaintiff using a pre-recorded voice message with the Defendant's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. The calls were made for the express purpose of selling shoddy

insurance plans that they financially benefit from. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense , treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C.. § 227(c)(3)(F)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List Since December of 2011 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for each offense under 227(c)(3)(5)(B). However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense, treble damages of $1500 are more than appropriate.

## THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1) requires that the Defendant have a written telemarketing policy. Defendant does not and obviously does not think the TCPA applies to them. Plaintiff is entitled to an award of at least $500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B). However, in light of the number of times they called in such a short time and the willful nature of the offense, treble damages of $1500 are more than appropriate.

## FOURTH CAUSE OF ACTION
### Violation of TX 305
### Texas State TCPA Law

TX 305 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a).  Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1). Plaintiff also requests the Court award treble damages of $1500 based on Defendants' knowing and/or intentional violations under §305.053(c)(1) and their proven track record of TCPA violations. Plaintiff again seeks a permanent injunction requiring Defendants to cease placing illegal telemarketing calls.

### FIFTH CAUSE OF ACTION
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  47 CFR 64.1200(d)(4) requires that Defendants provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. Defendants did not fulfill this requirement, which was why the Plaintiff had to purchase the policy to identify who was behind the calls. resulting in violations against Plaintiff. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call because of the sheer number of calls in such a short time. They also know the calls are illegal, which is why they spoof the phone numbers.  Plaintiff also seeks a permanent injunction requiring Defendants to provide their identifying information when making telemarketing calls.

## SIXTH CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Train Telemarketing Personnel

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy. Defendants did not do so, resulting in violations against Plaintiff. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's willful nature of the offense, treble damages of $1500 are more than appropriate.

## SEVENTH CAUSE OF ACTION
### Violation of Tx 302
### Lack of Telemarketing business license

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The TX 302 requires that any telemarketer have the required business license to make telemarketing calls. The Defendant does not have it. Plaintiff is entitled to an award of up to $5000 in damages for each such violation. Ignorance of the law is no excuse and Plaintiff seeks 5K per call.

### Prayer For Relief

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A.  An injunction enjoining the Defendant and their affiliates from engaging in the unlawful conduct set herein;

B.  An award of $1500 per call for Causes of action 1-6 for the 12 calls received by the Plaintiff.

C.  An award of $5000 per call (12) for the 7th cause of action, plus additional damages for time spent in lieu of the Plaintiff hiring an attorney.

D.  An award of damages to the Plaintiff, as allowed by under the TCPA.

E.  An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity: and

F.  Such further relief as the Court deems necessary, just, and proper.

Dated: 10/5/2022                Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

# JS 44 (Rev. 10/20) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucas Horton

## DEFENDANTS
Trinity Resort Services, LLC

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Ormsby
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080  214 909 3341

Attorneys *(If Known)*

RECEIVED OCT -5 2022 MS CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
TCPA violations of making calls with an ATDS to a consumer on the DNC list. Lack of telemarketing license

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 168,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/5/2022

SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____